**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:09-cr-222-HDM-PAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANTHONY SWANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is the defendant's motion for appointment of counsel (#176).

There is no constitutional right to appointed counsel for discretionary, post-conviction appeals. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied,* 481 U.S. 1023 (1987); *Bashor v. Risley*, 730

1

F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, the court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process. *Chaney,* 801 F.2d at 1196.

Defendant contends that the court should appoint counsel because the issues in this case are complex and he is unable to adequately present the claims without assistance of counsel. After reviewing the application, the court finds that, at this time, the issues raised are not complex. Further, the defendant has resources available to him so that he may adequately present his claims.

It is therefore ordered that the defendant's ex parte motion for appointment of counsel (#176) is denied without prejudice to renew.

**IT IS SO ORDERED.**

DATED: This 21st day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE

2