**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-cr-00222-HDM-PAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ANTHONY ANTONIO SWANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is the defendant Anthony Antonio Swanson's motion for correction of record; and memorandum of points and authorities in support(#190).  The government has responded (#191). Defendant did not file a reply.

Defendant asserts the court may at any time "correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  While this is a correct statement of the law, defendant misapplies it here.  Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance.  *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

1

Defendant is rearguing an issue raised in his initial 28 U.S.C. § 2255 motion.  This issue was addressed in the court's May 14, 2014, order denying defendant's motion to vacate (#189). Defendant has not obtained authorization to file a successive § 2255 motion, leaving the court without jurisdiction to consider the motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A); 28 U.S.C. § 2255; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction).

Accordingly, and based on the foregoing, defendant's motion for correction of record is **DENIED.**

IT IS SO ORDERED.

DATED: This 17th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE