AO 245C (Rev. 09/19)    Amended Judgment in a Criminal Case
Sheet 1                                                                (NOTE: Identify Changes with Astericks(*))

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | CASE NUMBER:    2:09-cr-00222-HDM-PAL |
| ANTHONY SWANSON | ) | USM NUMBER:    43992–048 |
| | ) | |

Date of Original Judgment: 12/16/2010          )     William Carrico, AFPD
(Or date of Last Amended Judgment)

**THE DEFENDANT**:

(  ) pled guilty to _____
(  ) pled nolo contendere to count(s) _____
which was accepted by the court.
(XX) was found guilty on Counts 1, 3, 4, and 5 of Second Superseding Indictment filed 3/10/2010 after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 18, U.S.C. §§922(g)(1), 924(a)(2) | Felon in Possession of a Firearm | 6/20/07 | 1 |
| 21, U.S.C. §§841(a)(1), (b)(1)(B)(iii) | Possession with Intent to Distribute a Controlled Substance (Cocaine Base) | 6/20/07 | 3 |
| 21, U.S.C. §§841(a)(1), (b)(1)(B)(iii) | Possession with Intent to Distribute a Controlled Substance (Cocaine Base) | 6/20/07 | 4 |
| 18, U.S.C. §924(c)(1)(A) | Possession of a Firearm During and in Relation to a Drug Trafficking Crime | 6/20/07 | 5 |
| Forfeiture 1 | | | 1 |
| Forfeiture 2 | | | 3 & 4 |
| Forfeiture 3 | | | 3 & 4 |
| Forfeiture 4 | | | 5 |
| Forfeiture 5 | | | 5 |

The defendant is sentenced as provided in pages 2 through __*7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
(  ) The defendant has been found not guilty on count(s) _____.
(XX) Count Two of Second Superseding Indictment filed 3/10/10 is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 20, 2020
Date of Imposition of Judgment

Signature of Judge     May 21, 2020

HOWARD D. McKIBBEN
SENIOR U.S. DISTRICT JUDGE
Name and Title of Judge

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 2 – Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment - Page __2__ of __7__

DEFENDANT: ANTHONY SWANSON
CASE NUMBER: 2:09-cr-00222-HDM-PAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of  *One hundred twenty (120) months as to Count 1;

Two hundred sixty-two (262) months per count as to Counts 3 and 4 (<u>concurrent</u> to Count 1); and

Sixty (60) months as to Count 5 (<u>consecutive</u> to Counts 1, 3, and 4), for an aggregate sentence of Three hundred twenty-two (322) months.

XX    The court makes the following recommendations to the Bureau of Prisons:
**Recommendation for placement of defendant at nearest facility to Las Vegas, Nevada.**

XX    The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

at _____ __ a.m.  __ p.m. on _____

as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 2 p.m. on _____.

as notified by the United States Marshal.

as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3 - Supervised Release

NOTE: Identify Changes with Asterisks (*))

Judgment - Page    3    of    7

DEFENDANT:         ANTHONY SWANSON
CASE NUMBER:       2:09-cr-00222-HDM-PAL

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term as follows: **3 years as to Counts 1 and 5; 8 years per Count as to Counts 3 and 4, with all Counts to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. **X** You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, or are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3A - Supervised Release                                                                  NOTE: Identify Changes with Asterisks (*)

Judgment - Page __4__ of __7__

DEFENDANT: ANTHONY SWANSON
CASE NUMBER: 2:09-cr-00222-HDM-PAL

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchukus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office User Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's signature _____          Date _____

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3D - Supervised Release
NOTE: Identify Changes with Asterisks (*))

Judgment - Page  5  of  7

DEFENDANT:         ANTHONY SWANSON
CASE NUMBER:    2:09-cr-00222-HDM-PAL

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapon - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Substance Abuse Treatment - The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing, and/or outpatient counseling, as approved and directed by the probation office.  The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment.  Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon the defendant's ability to pay.

4. Report to Probation Officer After Release from Custody - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties            NOTE: Identify Changes with Asterisks (*))
                                                                    Judgment - Page __6__ of __7__

DEFENDANT:       ANTHONY SWANSON
CASE NUMBER:     2:09-cr-00222-HDM-PAL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment****  |
|---|---|---|---|---|
| $400.00 **Due and payable immediately.** | | | | |

The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No. 2:09-cr-00222-HDM-PAL<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| **TOTALS** | $_____ | $_____ | |

__ Restitution amount ordered pursuant to plea agreement $ _____

__ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

__ the interest requirement is waived for the __ fine __ restitution.

__ the interest requirement for the __ fine __ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 6- Schedule of Payments                                    NOTE: Identify Changes with Asterisks (*))

Judgment - Page 7 of 7

DEFENDANT:      ANTHONY SWANSON  
CASE NUMBER:    2:09-cr-00222-HDM-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  XX  Lump sum payment of $400.00 due immediately, balance due
         __ not later than _____, or
         __ in accordance with                    __ C,  __ D,  __ E, or   __ F below; or
B  __ Payment to begin immediately (may be combined with   __ C,  __ D, or   __ F below); or
C  __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments
         of $ _____ over a period of _____ (e.g., months or years), to
         commence _____ (e.g., 30 or 60 days) after the date of this judgment; or
D  __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments
         of $ _____ over a period of _____ (e.g., months or years), to
         commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of
         supervision; or
E  __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60
         days) after release from imprisonment.  The court will set the payment plan based on an assessment of the
         defendant's ability to pay at that time; or
F  __ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
__    Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|

__    The defendant shall pay the cost of prosecution.

__    The defendant shall pay the following court cost(s):

XX    The defendant shall forfeit the defendant's interest in the following property to the United States:   (See attached.)
      a.    **.380 Lorcin handgun, Serial Number 053089;**
      b.    **$3,290.00 in United States Currency;**
      c.    **One CD-V2-300, 300GX0.1G scale concealed as a "Street Anthem" compact disc; and**
      d.    **One American Weigh, AMW-150 scale.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                          COUNSEL/PARTIES OF RECORD

                         DEC 1 4 2010

                      CLERK US DISTRICT COURT
                        DISTRICT OF NEVADA
                  BY:                        DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 2:09-cr-222-HDM (PAL) |
| ANTHONY SWANSON, ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

On May 26, 2010, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), Title 18, United States Code, Section 924(d)(1) and (3)(B) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(2); Title 21 Untied States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c), based upon the jury verdict finding defendant ANTHONY SWANSON guilty to criminal offenses, forfeiting specific property alleged in the Second Superseding Criminal Indictment and shown by the United States to have a request nexus to the offense to which defendant ANTHONY SWANSON was found guilty.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from June 8, 2010 through July 7, 2010, notifying all known third parties of their right to petition the Court.

. . .

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 924(d)(1), (d)(2)(C), and (3)(B) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1) and (a)(2); Title 21 Untied States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

a. .380 Lorcin handgun, Serial Number 053089;
b. $3,290.00 in United States Currency;
c. One CD-V2-300, 300GX0.1G scale concealed as a "Street Anthem" compact disc; and
d. One American Weigh, AMW-150 scale.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 14th day of December, 2010.

UNITED STATES DISTRICT JUDGE