UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ANTHONY SWANSON,<br><br>　　　　　　　　Defendant. | Case No. 2:09-cr-00222-HDM-PAL<br><br>ORDER |

　　　Defendant Anthony Swanson has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 209). The government has opposed (ECF No. 211), and Swanson has replied (ECF No. 212).

　　　Following a jury trial in May 2010, Swanson was found guilty of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g), two counts of possession with intent to distribute cocaine base in excess of 5 grams in violation of 21 U.S.C. § 841(b)(1)(B), and one count of use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c). Swanson was sentenced to 360 months on the drug counts, concurrent to a 120-month term for the § 922(g) conviction and subject to a mandatory consecutive term of 60 months for the § 924(c) offense, for an aggregate sentence of 420 months.

1

On May 20, 2020, the court granted Swanson's motion for reduction of sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). (ECF No. 207). An amended judgment of conviction was entered, sentencing Swanson to 262 months on the drug counts, concurrent to a 120-month term for the § 922(g) conviction and subject to a mandatory consecutive term of 60 months for the § 924(c) offense, for an aggregate sentence of 322 months. (ECF No. 208).

Having served about 133 months of his sentence,[1] Swanson now seeks compassionate release.

**Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

---

[1] Swanson's current projected release date is not known. As of today's date, the BOP inmate locator reflects a projected release date of April 12, 2039, but this does not appear to account for the recent reduction in Swanson's sentence. *See* https://www.bop.gov/inmateloc/ (last accessed Aug. 19, 2020).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section

2

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>    (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>    . . .
>
>    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>    (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even if there are extraordinary and compelling reasons, an inmate may be granted compassionate release only if he is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

---

3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Swanson is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

3

**Analysis**

Swanson argues that there exist extraordinary and compelling reasons for his release because his underlying health conditions put him at an increased risk of COVID-19 complications. Specifically, Swanson asserts that he suffers from hypertension, obesity, shortness of breath and cerebrovascular disease, all of which are risk factors for severe COVID-19 outcomes. The government opposes, arguing first that Swanson had not exhausted his institutional remedies before filing the motion. Second, while conceding that Swanson's obesity does place him at greater risk of COVID-19 complications, the government asserts that a reduction of sentence is nevertheless inappropriate when considering, as the court must, the factors under 18 U.S.C. § 3553(a).

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must ask the warden of his institution to file a motion for compassionate release on his behalf and either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier.

Swanson submitted a request for compassionate release on May 28, 2020, that did not identify any basis for compassionate release. On June 3, 2020, Swanson provided additional information, arguing that he should be released due to the personal health risks the COVID-19 epidemic was posing, but he did not specify any condition he had that would put him at elevated risk of complications. (ECF No. 212-1). On July 7, 2020, Swanson's counsel also supplemented Swanson's request with additional information,

4

including the specific medical conditions Swanson believed put him at greater risk of COVID-19 complications or death. (ECF No. 209-2). The warden denied Swanson's request on July 13, 2020. (ECF No. 212-2).

Even assuming that Swanson's initial request, which did not identify any basis for compassionate release, was insufficient, his supplement and the supplement of counsel were sufficient to present the warden with a request for compassionate release. More than thirty days have elapsed from the warden's receipt of the request and its supplements, so Swanson's motion is exhausted.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

There is no doubt that Swanson's conditions, separately and together, put him at a higher risk of COVID-19 complications under the CDC guidance. The government in fact concedes that Swanson's obesity alone puts him at higher risk of complications, even while suggesting that his other conditions do not. However, there is

5

little to indicate that COVID-19 is spreading rapidly in Swanson's institution, USP Leavenworth.[3] For this reason, the court is not persuaded that extraordinary and compelling reasons exist for Swanson's release. But even if they did exist, the court would nevertheless decline to reduce Swanson's sentence after weighing the applicable 18 U.S.C. § 3553(a) factors.

### C. 18 U.S.C. § 3553(a) Factors

Both the nature and circumstances of the offense in this case and the history and characteristics of the defendant weigh against shortening Swanson's sentence any further. The offense conduct involved both controlled substances and firearms. Before committing the offense conduct, Swanson had a substantial criminal history that qualified him as a career criminal and that included several drug trafficking offenses, intimidation of a public officer, and several other arrests. Further, a sentence of 322 months, which is at the low-end of the Guidelines range, is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities. The fact that Swanson has served not even half of his sentence, even assuming he will receive all good-time credits allowed, weighs heavily against authorizing his release. Accordingly, the court concludes that a reduction in sentence is not appropriate.

---

[3] As of the date of this order, Leavenworth has eleven positive COVID-19 cases out of 411 inmates who had been tested. *See* https://www.bop.gov/coronavirus/ (last accessed Aug. 19, 2020).

6

**Conclusion**

In accordance with the foregoing, Swanson's motion for compassionate release (ECF No. 209) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 19th day of August, 2020.

*Howard D McKibben*
UNITED STATES DISTRICT JUDGE