UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ANTHONY SWANSON,<br><br>　　　　　　　Defendant. | Case No. 2:09-cr-00222-HDM-PAL<br><br>ORDER |

The defendant, Anthony Swanson, has filed a motion for reduction of sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 231). The government has opposed (ECF No. 235), and Swanson has replied (ECF No. 236).[1]

A defendant may seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

---

[1] In his motion, Swanson also requests appointment of counsel to assist in the filing of his motion. The request is denied as moot. Pursuant to Amended General Order 2020-06, the Federal Public Defender is appointed to represent any defendant who files a *pro se* motion for compassionate release. Here, the FPD filed a notice of non-supplementation pursuant to the order.

>unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

At the time U.S.S.G. § 1B1.13 was drafted to guide application of § 3582(c)(1)(a), only the warden of a defendant's institution could bring a motion for compassionate release. However, following the First Step Act, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018), defendants may now bring such motions directly to the court. Section 1B1.13 has not been updated since the amendment. The Ninth Circuit has therefore concluded that the current version of § 1B1.13 is not applicable to § 3582(c)(1)(A) motions brought directly by a defendant, and, as such, is not binding on the court in this context. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). Nevertheless, the factors set forth in § 1B1.13 may inform the court's exercise of its discretion. *Id*. U.S.S.G. § 1B1.13 provides:

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Swanson has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

2

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>    (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>    . . .
>
>    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>    (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

Before an inmate may file a motion for relief pursuant to § 3582(c)(1)(A), he must first present his request to the warden of his institution. The motion may be filed in court after the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or 30 days have passed from the warden's receipt of his request, whichever is earlier.

Swanson filed a request with the warden of his institution on February 17, 2023. The request asserted that he was entitled to relief because he no longer qualifies as a career offender. The warden denied Swanson's request on May 9, 2023. Swanson has

3

therefore exhausted his administrative remedies and may properly bring the instant motion.

Here, Swanson's primary argument is that he does not qualify as a career offender because one of his prior state convictions was double counted. While "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)," *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022), Swanson's argument is not based on any change to the law. Rather, his argument is based on the nature of his convictions and is one that he could have raised at sentencing, on appeal, or in his § 2255 proceedings. *Chen* therefore does not authorize this court to consider his argument in connection with his § 3582 motion.

Moreover, as the argument is a cognizable § 2255 claim that could have been raised at the time of Swanson's § 2255 proceedings, it is not properly considered in a § 3582(c)(1)(A)(i) motion. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. . . ." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Most courts that have considered the issues have held that a § 3582(c)(1)(A)(i) motion cannot be based on arguments that could have been raised as § 2255 claims. *See United States v. Wesley*, 60 F.4th 1277, 1288-89 (10th Cir. 2023) (so holding and collecting cases).

While Swanson's motion briefly mentions his conduct in prison, participation in programming, and employment, this

cursory argument does not persuade the court that extraordinary and compelling reasons for a reduction in sentence otherwise exist.

As Swanson's motion does not establish extraordinary and compelling reasons for a reduction (ECF No. 231), the motion is DENIED. To the extent the motion could be construed as a motion under § 2255, the motion is second or successive, 28 U.S.C. § 2255(h), and as Swanson has not demonstrated he has authorization from the Ninth Circuit for the filing, the motion must be dismissed for lack of jurisdiction.

DATED: This 30th day of October, 2023.

_____
UNITED STATES DISTRICT JUDGE

5